IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TREVOR RAMONE RUSSELL, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 4:07-CV-304-Y |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Trevor Ramone Russell, TDCJ # 1052784, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Lamesa, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On November 18, 1999, a jury found Russell guilty of reckless injury to a child in cause

number F-98–68024-SN in the 195th Judicial District Court of Dallas County, Texas, and assessed his punishment at eighteen years' confinement. (Clerk's R. at 113.) The Fifth District Court of Appeals of Texas affirmed the trial court's judgment on November 30, 2000. *Russell v. Texas*, No. 05-99-02056-CR, slip op. (Tex. App.–Dallas Nov. 30, 2000) (not designated for publication). Russell did not file a timely petition for discretionary review.

On April 17, 2003, Russell filed a state application for writ of habeas corpus alleging that his appellate counsel had been ineffective by failing to notify him of the state appellate court's affirmance and the effect of the appellate court's opinion. *Ex parte Russell*, Application No. 57,743-01, at 7. Permission was granted to file an out-of-time PDR by the Texas Court of Criminal Appeals on January 14, 2004. *Id.* at cover. Thereafter, Russell filed a PDR, which was dismissed by the Texas Court of Appeals as untimely on May 12, 2004. *Russell v. Texas*, PDR 0681-04. Russell filed three additional state applications for writ of habeas corpus challenging his conviction and/or sentence.[1] The first, filed on May 24, 2004, was dismissed on October 6, 2004, on the basis that his direct appeal was still pending. *Ex parte Russell*, Application No. 57,743-02, at cover. The second, filed on September 13, 2006, was denied on the merits without written order by the Texas Court of Criminal Appeals on the findings of the trial court on November 29, 2006. *Ex parte Russell*, Application No. WR-57,743-03. The third, filed on February 6, 2007, was dismissed by the state court as successive. *Ex parte Russell*, Application No. WR-57,743-04, at cover. Russell filed this federal petition for writ of habeas corpus on May 18, 2007.[2] As ordered, Quarterman has

---

[1]See the state court's case information, *available at* http://www.cca.courts.state.tx.

[2]A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

filed an answer with supporting brief and documentary exhibits addressing only the issue of limitations, to which Russell has not filed a reply.

D. ISSUES

In this petition, Russell raises four grounds for relief challenging his state conviction. (Petition at 7-8.)

E. STATUTE OF LIMITATIONS

Quarterman argues that Russell's petition should be dismissed with prejudice because his petition is barred by the statute of limitations. (Resp't Answer at 4-7.) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim

3

is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, Russell's conviction became final and the one-year limitations period began to run upon expiration of the time that Russell had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on January 2, 2001, and closed on January 2, 2002, absent any tolling. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Russell is not entitled to statutory tolling under § 2244(d)(2). His state habeas applications, filed after limitations had already expired, did not operate to toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). The fact that Russell was granted an out-of-time petition for discretionary review as a result of his first state habeas action does not effect the running of the limitations period. *See Salinas v. Dretke*, 354 F.3d 425,430-31 (5th Cir.), *cert. denied*, 541 U.S. 1032 (2004). Nor has Russell alleged or demonstrated that he is entitled to tolling as a matter of equity, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling is warranted principally when the plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). Lack of notice can justify equitable tolling in some instances. However, the record reflects that, despite his best efforts, appellate counsel was unable to determine Russell's

4

whereabouts in the prison system, so as to notify him of the appellate court's affirmance, and, hence, sent notice to Russell at his last known address in the Dallas county jail. *Ex parte Russell*, Application No. 57,743-01, at 25-27. There is no evidence that Russell could not have notified counsel or the state court of his change of address and/or contacted counsel or the state court in order to learn the status of his appeal. *See Lewis v. Cockrell*, 33 Fed. Appx. 704, 2002 WL 432658, at *4 (5th Cir. 2002) (not designated for publication in the Federal Reporter). Nothing in the record suggests that Russell was prevented in some extraordinary way from asserting his rights.

Russell's petition was due on or before January 2, 2002. Accordingly, his petition filed on May 18, 2007, is untimely.

## II. RECOMMENDATION

Russell's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 17, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. §

636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 17, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 27, 2007.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE